UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDYN N., <br><br>   Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | CASE NO. C20-5986-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in (1) finding she did not meet a listing at step three, (2) discounting her testimony, (3) assessing the medical opinion evidence, and (4) failing to account for the use of a cane in the residual functional capacity ("RFC") assessment. Dkt. 22 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old, has one year of college education, and previously worked as a fast-food worker, in-home care provider, and insurance member service representative. Tr. 299. In November 2017, she applied for benefits, alleging disability as of

1  January 31, 2017.[1]  Tr. 232-41.  Her applications were denied initially and on reconsideration.

2  Tr. 169-72, 175-80.  The ALJ conducted a hearing in February 2020 (Tr. 32-104), and

3  subsequently found Plaintiff not disabled.  Tr. 13-26.  As the Appeals Council denied Plaintiff's

4  request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since June 21, 2018.

**Step two:**  Plaintiff had the following severe impairments: obesity, lumbar degenerative disc disease, asthma/chronic obstructive pulmonary disease ("COPD"), tobacco abuse disorder, and avascular necrosis bilateral knees status-post total left knee replacement.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[3]

**RFC:**  Plaintiff can perform light work with additional limitations: she can stand/walk for two hours in an eight-hour workday.  She cannot climb ladders, ropes, or scaffolds.  She can occasionally climb ramps and/or stairs, and occasionally balance, stoop, kneel, crouch, and crawl.  She cannot have concentrated exposure to extreme cold, humidity, vibration, and hazards, or moderate exposure to fumes, odors, dusts, and gases.

**Step four:**  Plaintiff cannot perform her past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 13-26.

## DISCUSSION

**A.    Step Three**

Plaintiff argues the ALJ erred in finding her degenerative disc disease did not meet the

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to June 21, 2018. Tr. 37-38.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

requirements of Listing 1.04.  At step three, the ALJ determine if one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations.  "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted). Plaintiff bears the burden of proof at step three.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability.  *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'"  *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*).  To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530.  "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a).  *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

     The ALJ determined Plaintiff did not meet all of the requirements of Listing 1.04.  Tr. 19. Plaintiff points to evidence she meets some of the elements of the listing, but not all, and contends this evidence is sufficient to "suggest [her] lumbar impairment may meet or equal Listing 1.04."  *See* Dkt. 22 at 16-17.  However, Plaintiff fails to show she meets all of the specific Listing 1.04 criteria and presents no plausible theory as to how she equals this listing or any other listing, even if all of her impairments are considered in combination.  *See id*.  Plaintiff has failed to meet her burden to show harmful legal error at step three.

B.     **Plaintiff's Testimony**

The ALJ summarized Plaintiff's testimony discounted it on the grounds (1) the objective medical evidence did not support Plaintiff's knee and back allegations, and (2) Plaintiff was not always compliant with treatment recommendations. Tr. 20-22. Plaintiff argues these reasons are not clear and convincing, as required in the Ninth Circuit.[4] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues the ALJ's first reason to discount her allegations would not solely support the ALJ's assessment. Dkt. 22 at 5. That may be true, but the ALJ provided another reason to discount Plaintiff's allegations, and thus did not solely rely on a lack of corroboration. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ noted although Plaintiff had multiple physical impairments, her mostly normal objective test results did not corroborate her allegations of disabling limitations. Tr. 21-22. Plaintiff has not shown the ALJ erred in considering the objective medical evidence, along with other aspects of the record, in assessing her allegations.

Plaintiff argues the ALJ's other reason to discount her allegations — her lack of compliance with treatment recommendations — is erroneous because the ALJ did not address the reasons underlying her non-compliance. Dkt. 22 at 7. As examples of non-compliance, the ALJ cited (1) Plaintiff's failure to adhere to treatment recommendations for her COPD and

---

[4] Plaintiff notes that the ALJ discussed her activities at step two and argues that this discussion is insufficient to support discounting her reliability. Dkt. 22 at 5-7. As Plaintiff acknowledges (Dkt. 22 at 5-6), the ALJ did not reference Plaintiff's activities as a reason to discount her allegations, and therefore the Court will not address whether this reason could have supported the ALJ's assessment of Plaintiff's allegations.

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

asthma (failure to stop smoking and failure to use medications as prescribed); and (2) Plaintiff's failure to take responsibility to manage her health conditions. Tr. 22.

Plaintiff argues the ALJ failed to consider her explanation for her failure to stop smoking. Dkt. 22 at 7. Plaintiff points to no explanation, however, instead noting that she had reduced her smoking and was hoping to quit. *Id*. These facts do not undermine any part of the ALJ's decision. Furthermore, the ALJ relied not only on Plaintiff's failure to stop smoking against medical advice, but also her failure to adhere to her COPD/asthma medication regime, and Plaintiff has not challenged this line of the ALJ's reasoning. *See* Tr. 22. Because Plaintiff has not shown the ALJ's interpretation of the evidence related to her non-compliance is unreasonable, Plaintiff has not shown the ALJ erred in discounting her allegations on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff also argues the ALJ erred in suggesting that her failure to lose weight undermined her reliability. Dkt. 22 at 7-8. The ALJ did not find Plaintiff's failure to lose weight undermined her reliability, however. The ALJ noted Plaintiff's doctors were reluctant to recommend surgery in light of Plaintiff's obesity, but she did undergo a knee surgery in 2019. *See* Tr. 21. Plaintiff has not shown the ALJ relied on her failure to lose weight as a reason to discount her allegations.

Because Plaintiff has failed to show error in the ALJ's assessment of her testimony, this portion of the ALJ's decision is affirmed. Plaintiff separately challenged the ALJ's failure to credit her alleged need for a cane, but Plaintiff points to no objective evidence indicating that she medically required a cane after her recuperation period post-surgery. Dkt. 22 at 3. Although Plaintiff testified, she expected to spend a year recuperating from surgery (Tr. 79), the ALJ adequately explained why she discounted Plaintiff's subjective allegations, as explained herein.

Accordingly, the Court finds because the ALJ acknowledged Plaintiff alleged that she required a cane, and because the ALJ's stated findings adequately explain why the ALJ found Plaintiff's physical impairments to be less limiting than alleged, the ALJ did not err in failing to include a cane requirement in the RFC assessment. Further to the extent the ALJ's RFC assessment may be reformulated on remand, the ALJ may have an opportunity to reconsider Plaintiff's need for a cane at that time.

**C.      Medical Opinions**

Plaintiff argues the ALJ erred in failing to fully account for the credited opinion of Gary Gaffield, D.O., and the ALJ erred in discounting opinions written by treating physician Trudy Woudstra, M.D.; non-examining physician Brent Packer, M.D.; treating provider Jeffrey Ernst, PA-C; and State agency consultants. The Court will address each disputed opinion in turn.

**1.      Legal standards**

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ must provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the ALJ's analysis must also be supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

**2.     Dr. Gaffield**

Dr. Gaffield examined Plaintiff in March 2018 and wrote a narrative report describing her physical symptoms and limitations. Tr. 822-27. The ALJ found Dr. Gaffield's opinion persuasive (Tr. 23), and Plaintiff argues the ALJ erred in failing to include all of the limitations he indicated in the RFC assessment.

Specifically, Plaintiff emphasizes that Dr. Gaffield opined she should avoid postural activities due to her obesity (Tr. 827) and temperature extremes, but the ALJ did not preclude all postural activities and only limited her exposure to concentrated extreme cold (but not heat). Dkt. 22 at 11. The Commissioner contends any error is harmless because, as defined in the Dictionary of Occupational Titles ("DOT"), none of the step-five jobs require postural activities, nor do they require any exposure to extreme heat. Dkt. 23 at 8-9 (citing DOT 249.587-018, *available at* 1991 WL 672349; DOT 205.367-014, *available at* 1991 WL 671715; DOT 713.687-018, *available at* 1991 WL 679271). Plaintiff did not file a reply brief nor otherwise respond to this argument, and the Court finds Plaintiff has not met her burden to show harmful legal error in the ALJ's assessment of Dr. Gaffield's opinion.

ORDER REVERSING THE COMMISSIONER'S DECISION - 7

### 3. Dr. Woudstra

Dr. Woudstra completed a form opinion in February 2020, describing Plaintiff's many disabling physical limitations. Tr. 1840-41. The ALJ noted Dr. Woudstra was a treating physician but found the opinion nonetheless overstated Plaintiff's limitations. Tr. 23. The ALJ found Dr. Woudstra's opinion unpersuasive because it was unsupported by her own treatment notes, and the ALJ also found Dr. Woudstra's opinion that Plaintiff was unable to work was an issue reserved to the Commissioner. Tr. 24.

Plaintiff argues Dr. Woudstra's opinion did not touch on an issue reserved to the Commissioner because Dr. Woudstra did not baldly opine Plaintiff was unable to work but explained why her conditions led to concrete limitations in work activity. Dkt. 22 at 12 (citing *Hill v. Astrue*, 698 F.3d 1153 (9th Cir. 2012)). To the extent Dr. Woudstra did identify limitations, Plaintiff's argument is persuasive, but the ALJ focused on the portions of Dr. Woudstra's opinion that constitute a conclusion about Plaintiff's ability to work. Under the regulations applicable to this case, rather than the regulations addressed in *Hill*, the ALJ did not err in discounting the portions of Dr. Woudstra's opinion that constitute a conclusion about Plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c).

The ALJ also went on to explain why she discounted the limitations identified by Dr. Woudstra: she found them to be unsupported by the doctor's treatment notes. Tr. 23-24 (citing Tr. 1011, 1030, 1037, 1111, 1152, 1211, 1531, 1604-06, 1776, 1815, 1965). The ALJ did not cite primarily Dr. Woudstra's treatment notes, however: the ALJ's citations are to seemingly random parts of the record (such as osteopathic manual therapy notes, MRI reports, post-surgery checkups, referral for asthma/allergy evaluation, physical therapy notes indicating poor prognosis, preoperative evaluation notes, chest x-ray report) that do not, on the whole, directly

ORDER REVERSING THE COMMISSIONER'S DECISION - 8

pertain to or contradict the limitations Dr. Woudstra indicated in her opinion, or reflect Plaintiff's longitudinal functioning.  A citation to one treatment note from Dr. Woudstra indicating normal gait (Tr. 1111) is not sufficient to show Dr. Woudstra's opinion is inconsistent with her treatment notes.  Because the ALJ failed to show Dr. Woudstra's opinion was unsupported by her treatment notes, and the citations to the record the ALJ did provide do not generally support the ALJ's proposition, the Court finds the ALJ failed to provide a sufficient basis for discounting Dr. Woudstra's opinion as to Plaintiff's limitations and harmfully erred.

### 4.     Dr. Packer

The ALJ discounted the opinion of Dr. Packer (Tr. 1067-68) as inconsistent with the longitudinal record, citing the same collection of records referenced in discounting Dr. Woudstra's opinion.  As explained above, the portions of the record cited by the ALJ do not suggest Plaintiff can perform light work or demonstrate Plaintiff retains more functional abilities than assessed by Dr. Packer.  Accordingly, the ALJ erred in finding Dr. Packer's opinion was inconsistent with the longitudinal record and harmfully erred.

### 5.     Mr. Ernst

Mr. Ernst opined Plaintiff could perform light work, but that she was limited to 21-30 hours per week of "work, look[ing] for work, or prepar[ing] for work."  Tr. 1062-64.  The ALJ found this opinion to be "generally consistent" with the record and therefore partially persuasive.  Tr. 23.

The ALJ failed to provide any reason to discount Mr. Ernst's opinion Plaintiff could not work full-time.  It is not reasonable, as the Commissioner contends (Dkt. 23 at 10), to read Mr. Ernst's opinion to mean  Plaintiff could perform light work on a full-time basis but could only participate in "job search related activities" for 21-30 hours per week.  It appears the ALJ might

have intended to discount part of Mr. Ernst's opinion because she found it only partially persuasive, but she did not provide any reasons to do so.  Accordingly, the Court finds the ALJ erred in assessing Mr. Ernst's opinion and harmfully erred.

### 6. State agency consultants

The ALJ found the State agency opinions to be persuasive.  Tr. 23-24.  Plaintiff argues that a non-examining provider's opinion cannot provide a basis for discounting the opinion of treating or examining providers (Dkt. 22 at 15), but the ALJ did not cite the State agency opinions as a reason to discount the opinions of treating or examining providers.  *See* Tr. 23-24.  Accordingly, Plaintiff has failed to show that the ALJ erred in finding the State agency opinions to be persuasive.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reconsider the opinions of Drs. Woudstra and Parker, and Mr. Ernst, develop the record and redetermine Plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 26th day of July, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge